## ACME WOOD CARPET FLOORING CO. v. BROADWAY & FIFTY–THIRD ST. CO.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

1. APPEAL AND ERROR (§ 999*)—REVIEW—QUESTIONS OF FACT.

In an action on a written contract, where defendant's president, who signed the contract in its behalf, was not called as a witness, and there was, therefore, only argumentative statements to offset the testimony of a witness for plaintiff that certain words were in the contract when signed, the verdict for plaintiff would be accepted as conclusive that they were a part of the instrument, although there were circumstances rendering it probable that they were not a part of the instrument when signed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3921, 3923, 3924; Dec. Dig. § 999.*]

2. CONTRACTS (§ 33*)—CONSTRUCTION—SCOPE AND EXTENT OF OBLIGATION.

A written offer by plaintiff to furnish and lay parquet floors in a certain building at a specified price, which contained no specification of the amount of work to be done, nor agreement on the part of defendant to pay the price named, although it was signed by defendant, and not by plaintiff, while a good contract for any floors laid at defendant's instance, did not bind defendant to allow plaintiff to lay all the floors in the building.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 144–154; Dec. Dig. § 33.*]

Appeal from City Court of New York, Trial Term.

Action by the Acme Wood Carpet Flooring Company against the Broadway & Fifty-Third Street Company. From a judgment on a verdict for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Louis J. Gold, of New York City, for appellant.

I. Gainsburg, of New York City, for respondent.

PAGE, J. This action was to recover damages for breach of an alleged executory contract. On or about July 14, 1912, the following document was prepared upon the letter heading of the plaintiff:

"Broadway & 53d St. Co., 215 West 51 St., City.

"We take pleasure in submitting herewith our figure for furnishing parquet floors, building #215 West 51 St., City, *1696–1698 Broadway, N. Y. C.,* and agree to execute the work as specified below: Furnish and lay parquet floors of 12"x12"x³⁄₈" plain white oak squares laid diagonally with line borders, scraped and finished with three coats of the best white shellac for the sum of $.14 per sq. ft.

"*Furnish new oak saddles at 50¢ each.*

"[Signed]            *Broadway & 53rd St. Co.,*
                               *"L. Selznik, Pres't."*

The document, except the portions in italics, was in typewriting, the portion italicized was in handwriting.

[1] The supposed duplicate copy that was delivered to the defendant by the plaintiff did not have "1696–1698 Broadway, N. Y. C.," in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it at all. In the copy produced by plaintiff these words were conced-edly written by Max Wiesner, plaintiff's manager. The defendant claims that these words were not in when the copy was signed; but as Mr. Selznik was not produced as a witness, nor his absence accounted for, there is no proof, only argumentative statements, to offset Mr. Wiesner's positive evidence that these words were in the document. Although there are many circumstances that would render it probable that the added words were not a part of the instrument, the attention of the jury was directed to them, and we shall treat their verdict as settling the fact that the instrument to be considered is the plaintiff's exhibit.

[2] We are of opinion, however, that it is insufficient to sustain the cause of action. It is entirely unilateral. There is no agreement on the defendant's part to pay the price named; there is no specification of the amount of work to be done. It undoubtedly would constitute a good contract for any floors that the plaintiff did lay at the instance of the defendant, not at the contract price of 14 cents per square foot, but at the rate of 15 cents per square foot, showing inferentially that plaintiff did not consider himself bound even to that extent. For such floors, however, as have been laid the plaintiff has been paid. Defendant was not bound to allow plaintiff to lay all the floors of the 23 apartments.

The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.